IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRUD "ANTI ANTI CHRIST" 1 ROSSMANN, Esquire, Otherwise pleading as the "Anti Anti Christ";<br><br>Plaintiff,<br><br>vs.<br><br>JAMIE DIMON, CEO, Chair JP Morgan Chase; WARREN BUFFETT, CEO, Chair Berkshire Hathaway; RYAN SCHNEIDER, Realogy; DONALD TRUMP, The President of the United States, The White House; IVANKA TRUMP, One of Trump's Closest Advisers, The White House; ANTHONY SCARAMUCCI, JOHN DOE-1, JOHN DOE-2, and JOHN DOE-3,<br><br>Defendants. | 8:18CV5<br><br>**MEMORANDUM AND ORDER** |

    This matter is before the court on Plaintiff Brud Rossmann's ("Rossmann") motion to proceed in forma pauperis (filing no. 2) and his pro se civil complaint (filing no. 1). For the reasons stated below, Rossman's motion to proceed in forma pauperis (filing no. 2) is denied and this action is dismissed with prejudice.

    On January 4, 2018, Rossmann, a non-prisoner pro se litigant who represents that he graduated from Harvard Law School and was a federal prosecutor, filed a complaint against Jamie Dimon, CEO of JP Morgan Chase; Warren Buffett, CEO of Berkshire Hathaway; Ryan Schneider; President Donald Trump; Ivanka Trump; Anthony Scaramucci; and three unidentified John Does. Rossmann refers to himself as the "Anti Anti Christ," a name he alleges "the Jew, Jay Rappaport, then

President of America Online," coined for Rossmann. (Filing No. 1 at CM/ECF p.1.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

At most, the court only can decipher certain themes contained within the generally rambling and incomprehensible allegations of Rossmann's Complaint. Specifically, the Complaint espouses Rossmann's professed intellectual capabilities, educational background, and work experience; his history of filing numerous actions in federal court[1] and claims with federal agencies; his belief that he has been the target of torture, attempted murder, financial ruin, "infrasonic weaponry platforms," and other abuse by defendants; and his hatred for "the human scum defining the Defendants, . . . the Court, the reviewing Judge in this instance, . . . [and] each and every one of you." (Filing No. 1 at CM/ECF pp.5–7, 21.) In his prayer for relief, Rossmann seeks $10,000,000.00 in compensatory damages and "[i]njunctive relief . . . to include the joy, the privilege, of K9ooling

---

[1] A search of PACER indicates that Rossmann has filed at least 100 civil actions in federal district courts throughout the country.

certain natural persons with a Kn9ffe, [and] gut999ting them in public." (*Id.* at CM/ECF pp.30–31.)

Rossmann has not complied with Federal Rule of Civil Procedure 8 which requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). Moreover, the Complaint's allegations are entirely baseless. *See Denton v. Hernandez*, 504 U.S. 25, 32-34 (1992) (court may dismiss complaint of plaintiff proceeding in forma pauperis as frivolous, and disregard clearly baseless, fanciful, fantastic, or delusional factual allegations); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (a complaint is frivolous where it lacks an arguable basis either in law or in fact). Accordingly, the court will dismiss this action as frivolous and with prejudice as the defects in the Complaint cannot be remedied through more specific pleading. *See* 28 U.S.C. § 1915(e)(2)(B).

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (filing no. 1) is dismissed with prejudice as frivolous.

2. Plaintiff's Motion for Leave to Proceed in Forma Pauperis (filing no. 2) is denied.

3. The court will enter judgment by a separate document.

Dated this 22nd day of January, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge